UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN SMITH,<br><br>        Petitioner,<br><br>       v.<br><br>UNKNOWN, Warden,<br><br>        Respondent. | No. CV 17-2508-BRO (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS UNEXHAUSTED AND/OR FOR FAILURE TO STATE A CLAIM** |

On March 31, 2017, petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition" or "Pet."). On April 7, 2017, after reviewing the Petition, the Court issued an Order informing petitioner that because he is challenging his state court order of civil commitment at Atascadero State Hospital, that challenge must be brought pursuant to 28 U.S.C. § 2254, not § 2241. (ECF No. 3). The Court ordered petitioner to file an Amended Petition by April 28, 2017, using the proper § 2254 form petition, which was provided to petitioner along with the April 7, 2017, Order. (Id.). The Court also informed petitioner that in completing the provided form he must: (1) demonstrate to the Court that he has exhausted his claim(s); and (2) name the proper respondent, i.e., the state officer having custody of petitioner.

On April 21, 2017, petitioner submitted another form petition to the Court, dated April 17, 2017. However, rather than using the form the Court had provided him with its April 7, 2017, Order, petitioner instead used a state court habeas form. In addition, he still did not indicate the respondent's name. As the April 21, 2017, submission did not name the proper respondent for a habeas proceeding, this Court lacked jurisdiction to entertain the action and, on April 28, 2017, the Court rejected the submission and ordered it returned to petitioner along with the April 28, 2017, Order. (ECF No. 4).

Also in the April 28, 2017, Order, the Court informed petitioner that it would give him a "final opportunity" to file an Amended Petition using the proper form for an action brought pursuant to 28 U.S.C. § 2254 in this federal Court. (Id.). The Court ordered petitioner to file, no later than May 31, 2017, an Amended Petition using the proper § 2254 form petition (which was again included with the April 28, 2017, Order). Petitioner was told that the Amended Petition should use the same case number (CV 17-2508-BRO (PLA)), be clearly labeled "First Amended Petition," and be filled out completely, including with the respondent's name. As noted in the Court's April 7, 2017, Order, petitioner was told that he must also show that his claim(s) have been fairly presented to the California Supreme Court prior to presenting them to the federal courts. Alternatively, petitioner was informed that if he agreed the action should be dismissed without prejudice as unexhausted, he could file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), and petitioner was provided with a blank dismissal form.

On May 19, 2017, the Court received a number of submissions from petitioner:

(1) Without explanation, petitioner re-submitted the April 21, 2017, petition that the Court had returned to him on April 28, 2017. That document is **not to be filed**, but is instead again **rejected and ordered returned to petitioner** along with this Order. Petitioner should keep this document for his records and **must not** return it to this Court.

(2) Petitioner submitted a handwritten note ("Note"). In the Note, petitioner stated that he "would like to dis[]miss" his "last habeas corpus sent in 'march.'" Attached to the Note was the form previously provided to petitioner by the Court for a Rule 41 dismissal ("Dismissal Form"). On

2

1  the Dismissal Form, petitioner indicated that he wanted to dismiss the action "John Smith v. Courts" in its entirety.  Although the Dismissal Form was dated May 16, 2017, petitioner did not include a case number or a signature.  The only document submitted by petitioner in March was the original Petition submitted pursuant to § 2241 that the Court gave petitioner leave to amend to include information regarding exhaustion of his claims.  It is unclear, therefore (especially in light of the third point below) whether petitioner actually intends to dismiss this action, or whether he misunderstood the Court's April 28, 2017, Order indicating that if he agreed his claim was not exhausted, he could file a Dismissal Form and return to the *state* courts to exhaust his claim.  In an abundance of caution, therefore, no action will be taken on petitioner's Dismissal Form at this time, and the Court will instead wait for petitioner's response to this Order to Show Cause.

(3) Petitioner submitted an Amended Petition pursuant to 28 U.S.C. § 2254 ("Amended Petition" or "Am. Pet.").  The Amended Petition named the "San Fernando Valley Court" as the respondent, did not include a case number and was undated.  Attached to the Amended Petition was the Court's April 28, 2017, Order, with various portions underlined.  In the Amended Petition, petitioner inconsistently indicates that his date of conviction was October 5, 2016, pursuant to a plea of nolo contendere, *and* that he had a jury trial.  He states that he did not appeal to the state courts because he "kn[e]w nothing about that." (Am. Pet. at 3).  The Amended Petition raises one ground for relief, which appears to state as follows:  "I was misrepresented I had a speedy trial without me picking my jury." (Am. Pet. at 5).  Petitioner indicates that he did not raise this claim on appeal to the state courts, or in a habeas petition to the California Supreme Court. (Id.).

(4) Petitioner submitted a Declaration in Support of Request to Proceed In Forma Pauperis, along with a copy of his Trust Account report, certified by an officer at Atascadero State Hospital.

**A.    FAILURE TO STATE A CLAIM**

As previously noted, the Amended Petition raises one ground for relief in which petitioner alleges "I was misrepresented I had a speedy trial without me picking my jury." (Id.).  This claim

is ambiguous at best. For instance, among other things, it could be interpreted as a speedy trial violation, or an ineffective assistance of counsel claim, or a claim that petitioner's plea was not knowing and voluntary.

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. See Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'").

Here, the Amended Petition does not clearly set forth the ground for relief petitioner purports to be bringing, and the Court is unable to discern from the way petitioner presented his ground for relief what federal constitutional claim(s) (if any) petitioner is alleging. Thus, the Court is left to speculate as to the ground(s) for relief that petitioner is seeking to raise herein, and has no facts or arguments to support that ground. In short, in its present format, the Amended Petition does not provide either a clear legal basis for habeas relief or specific supporting facts for petitioner's alleged claim. For these reasons, the Court concludes that the Amended Petition does not clearly state a claim pursuant to 28 U.S.C. § 2254(a), and does not contain any claim that meets the standard set forth in Habeas Rule 2(c) requiring a statement of specific grounds and facts.

/

**B.      EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner admits that he has not exhausted his state judicial remedies in connection with his claim in this matter. (See Am. Pet. at 3, 5). As the Amended Petition appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**C.  PROPER RESPONDENT**

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the immediate custodian of the facility in which the petitioner is incarcerated.[1] Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner). Here, petitioner names the "San Fernando Valley Court" as respondent. Failure to name the correct respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249.

**D.  ORDER**

Based on the foregoing, **on or before June 30, 2017**, petitioner is ordered to show cause why this action should not be dismissed as unexhausted and/or for failure to state a claim. To avoid dismissal, **on or before June 30, 2017**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254, and must also demonstrate that he has a claim (or claims) upon which habeas relief may be granted by indicating (1) the specific ground(s) for relief and supporting facts on which he seeks habeas relief, and (2) clearly indicating that his claim (or claims) have been fairly presented to the California Supreme Court.

The filing by petitioner of a Second Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus pursuant to § 2254 -- **on or before June 30,**

---

[1] In this case, the proper respondent would be the Director of Atascadero State Hospital.

**2017** -- containing the required information as detailed above, shall be deemed compliance with this Order. A Second Amended Petition should reflect the same case number (CV 17-2508-BRO (PLA)), be clearly labeled "Second Amended Petition," and be filled out completely. In ¶ 8 of the Second Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each claim, including whether it has been raised in the California Supreme Court. The Court Clerk is directed to send petitioner a blank copy the Central District's form Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

If instead petitioner intended to **voluntarily dismiss this action without prejudice** when he submitted his Dismissal Form, or now agrees that this action should be dismissed without prejudice as unexhausted and/or for failure to state a claim, **on or before June 30, 2017**, he may re-submit a **fully completed** Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). He may then return to the state courts to exhaust whatever claim(s) he may wish to later bring in this Court. The Court clerk is directed to send petitioner another copy of the blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause. If petitioner chooses this option, he (1) must not file any other document with his Notice of Voluntary Dismissal; and (2) must be mindful of the one-year limitation period under the Ant-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in the action being dismissed as unexhausted, and/or for failure to state a claim, and/or for failure to prosecute and follow Court orders. Petitioner is also advised that the filing of a petition for federal habeas corpus relief does not toll the AEDPA's one-year statute of limitations**. Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

DATED: May 30, 2017

_/s/ Paul L. Abrams_
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE